# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **M.S.**

**No. 17-1064** (Webster County 17-JA-30)

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father R.S., by counsel Howard J. Blyler, appeals the Circuit Court of Webster County's October 30, 2017, order terminating his parental rights to M.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed an abuse and neglect petition against petitioner. The DHHR alleged that, in September of 2016, Child Protective Services opened a case with petitioner due to conditions in the home, including lack of electricity and the child's receiving numerous bug bites during his visits.[2] Petitioner was reportedly uncooperative with the DHHR's requests for drug screens and attempts to provide him with parenting classes and other services. The DHHR further alleged that in February of 2017, petitioner was pulled over in a traffic stop and appeared to be under the influence. The child was present in the car at that time. The police officer noticed a powdery substance in petitioner's nostrils and petitioner admitted to snorting a hydrocodone pill just prior to the stop. Petitioner failed numerous sobriety tests and was taken to the hospital where he tested positive for several controlled substances, including amphetamines, methamphetamines, OxyContin, MDMA, and morphine.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Pursuant to a prior family court order, petitioner was granted shared parenting time with the mother.

1

The circuit court held an adjudicatory hearing in April of 2017, during which it adjudicated petitioner of abuse and neglect due to 1) driving with the child, who was not properly restrained in the vehicle, while under the influence of controlled substances; 2) violating his home incarceration by testing positive for methamphetamine; and 3) being addicted to controlled substances, which affected his ability to provide for the health, safety, and welfare of the child.

In May of 2017, the circuit court granted petitioner a post-adjudicatory improvement period which required that he maintain suitable housing, refrain from the use of controlled substances, participate in parenting and adult life skills classes, participate in random drug screens, and undergo a psychological evaluation. After learning that petitioner was scheduled to receive a settlement due to the wrongful death of another child, the circuit court also ordered petitioner to pay his child support arrearages and satisfy other financial obligations. The circuit court also ordered petitioner to submit to long-term, inpatient substance abuse treatment.

The circuit court held a dispositional hearing in September of 2017, during which the evaluating psychologist testified that petitioner failed to enroll in or complete an inpatient substance abuse treatment program and regularly attend outpatient substance abuse counseling. Petitioner then testified that he successfully passed his random drug screens for the last five months and, because of his success, could not find an inpatient substance abuse treatment program that would accept him. At that time, the DHHR contacted Life House, an inpatient peer-run addiction and recovery program, which indicated that it would accept petitioner. However, petitioner testified that he would not attend the program because he had remained drug free throughout the proceedings and did not feel that he needed inpatient treatment. Further, petitioner did not want to leave his home unattended during the nine-month program. After hearing evidence, the circuit court revoked petitioner's post-adjudicatory improvement period and found that he failed to comply with the terms of the same by failing to enroll in or complete an inpatient substance abuse treatment program and regularly attend outpatient counseling. As such, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the foreseeable future and that termination was necessary for the child's welfare. It is from the October 30, 2017, order terminating his parental rights that petitioner appeals.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire

---

[3]The mother was at all times throughout the proceedings below a non-abusing parent and the permanency plan for the child is to remain in the mother's care.

evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights when he tested negative for controlled substances for five months and demonstrated the capacity to solve the problems of abuse and neglect.[4] We find petitioner's argument to be without merit. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. According to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child[.]

Here, the circuit court correctly found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. While it is true that petitioner remained drug-free for five months during his improvement period, we note that he failed to comply with many of the other terms and conditions required by the circuit court. Petitioner failed to regularly attend outpatient substance abuse counseling and did not enroll in a long-term inpatient substance abuse treatment program as ordered. During the dispositional hearing, the DHHR found a program which would accept petitioner; however, he testified that he would not go to the program due to his clean drug screens and his belief that he did not need treatment. Accordingly, we agree with the circuit court that there was sufficient evidence upon which to

---

[4]In support of this assignment of error, petitioner also argues that the circuit court should not have terminated his parental rights, in part, based upon his refusal to attend the Life House program. He contends that the circuit court subsequently ordered that parents in other abuse and neglect proceedings be sent to other facilities due to Life House's lack of counseling or professional substance abuse treatment. However, petitioner provides no evidence of such and we decline to address this argument. Petitioner also argues that his failure to pay for his psychological evaluation should not have been held against him as it does not affect his ability to parent. As discussed more fully below, we find that there was sufficient evidence upon which to terminate petitioner's rights apart from his failure to pay for his psychological evaluation and therefore, we find that he is not entitled to relief in that regard.

base its findings that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect and that termination was necessary for the child's welfare. As previously mentioned, circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 30, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  May 14, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker